James C. Shah (CA Bar No. 260435)
Kolin C. Tang (CA Bar No. 279834)
MILLER SHAH LLP
155 Montgomery, 6th Floor
San Francisco, CA 94104
Phone: 866-540-5505
Fax: 866-300-7367
jcshah@millershah.com
kctang@millershah.com

Timothy N. Mathews (*pro hac vice* forthcoming)
Zachary P. Beatty (*pro hac vice* forthcoming)
CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
tnm@chimicles.com
zpb@chimicles.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL HOPKINS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. _____ <br><br> **CLASS ACTION COMPLAINT** <br><br> **<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff, Michael Hopkins ("Plaintiff" or "Mr. Hopkins"), by and through his undersigned counsel, hereby brings this class action against Defendant, Apple Inc. ("Defendant" or "Apple"), individually and on behalf of all others similarly situated, and alleges upon personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including the investigation conducted by Plaintiff's counsel.

**INTRODUCTION**

1.      Plaintiff brings this class action on behalf of individuals who purchased iPhone 16 models, including the Apple iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, and iPhone 16 Pro Max (collectively the "iPhone 16s"). In order to stoke demand (and justify pricing) for its new iPhone 16 products, beginning months before their release, and continuing for months thereafter, Apple heavily marketed the "Apple Intelligence" functions of the new iPhone 16s even though, *according to Apple insiders, they were not, still are not, and may never be* equipped with such advertised functions.[1] Instead, Apple has indefinitely delayed the advertised Intelligence functions of Siri on the iPhone 16s and possibly scrapped them altogether.

2.      Other than the new incorporation of Apple Intelligence, the iPhone 16s did not largely differ from the prior model of iPhones. Accordingly, Apple ensured that Apple Intelligence would not be compatible with prior models of iPhones (except the iPhone 15 Pro and Max Pro models—which Apple stopped selling on the day it started selling iPhone 16s). In other words, Apple planned on Apple Intelligence being the distinguishing feature for its iPhone 16s, and it marketed its iPhone 16s accordingly.

3.      Indeed, Apple advertised the iPhone 16 as, "The first iPhone built for Apple Intelligence."[2] "Apple introduced the new iPhone 16 lineup, built from the ground up for Apple Intelligence and featuring the faster, more efficient A18 and A18 Pro chips — making these the most advanced and capable iPhone models ever."[3]

---

[1] *See* Mark Gurman, *Apple's Siri Chief Calls AI Delays Ugly and Embarrassing, Promises Fixes*, Bloomberg (Mar. 14, 2025), https://www.bloomberg.com/news/articles/2025-03-14/apple-s-siri-chief-calls-ai-delays-ugly-and-embarrassing-promises-fixes.

[2] Archived version of Apple's iPhone 16 page, dated September 11, 2024, https://web.archive.org/web/20240911122231/https://www.apple.com/iphone-16/.

[3] Apple, *Apple Intelligence Comes to iPhone, iPad, and Mac Starting Next Month* (Sep. 9, 2024), https://www.apple.com/newsroom/2024/09/apple-intelligence-comes-to-iphone-ipad-and-mac-starting-next-month/.

CLASS ACTION COMPLAINT

4.       Beginning in the summer 2024, Apple rolled out a comprehensive marketing campaign advertising its new Apple Intelligence suite of features.[4] Apple described its Apple Intelligence suite as "the personal intelligence system for iPhone ... that combines the power of generative models with personal context to deliver intelligence that's incredibly useful and relevant."[5] Notably, Apple represented that Siri, Apple's digital assistant, would now be "[p]owered by Apple Intelligence," such that "Siri becomes more deeply integrated into the system experience."[6]

5.       Whereas the prior version of Siri only worked with specific prompts, had limited ability to execute commands, and often referred users to web searches to answer prompts, Apple represented that the new generation of Siri, with Apple Intelligence, would now be able to access and analyze consumer-specific information contained in the consumer's iPhone applications *and* communications in order to generate consumer-specific answers to prompts. As Tim Cook, Apple's CEO, stated, Apple's "approach combines generative AI with a user's personal context to deliver truly helpful intelligence."[7]

6.       **On June 10, 2024,** Apple unveiled its Apple Intelligence suite of features in a presentation at the Worldwide Developers Conference ("WWDC") and in a coordinated press release. On that date, Apple represented that its upgraded Siri had or would have new Apple Intelligence functions, including its ability to harness consumer-specific information across applications and communications and to consider information currently displayed on-screen. A few examples are set forth here but are just a few among others set forth below at ¶ 38:

a.       "With richer language-understanding capabilities, Siri is more natural, more contextually relevant, and more personal, with the ability to simplify and accelerate everyday tasks."[8]

---

[4] Apple, *Introducing Apple Intelligence, The Personal Intelligence System That Puts Powerful Generative Models At The Core Of iPhone, iPad, And Mac* (June 10, 2024), https://www.apple.com/newsroom/2024/06/introducing-apple-intelligence-for-iphone-ipad-and-mac/.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

CLASS ACTION COMPLAINT

b. "Siri can now take hundreds of new actions in and across apps, including finding book recommendations sent by a friend in Messages and Mail."[9]

c. "With onscreen awareness, Siri will be able to understand and take action with users' content in more apps over time. For example, if a friend texts a user their new address in Messages, the receiver can say, 'Add this address to his contact card.'"[10]

7. **In early September 2024,** Apple launched, and then *continued for months thereafter*, a campaign for its iPhone 16s, which Apple coordinated with its broader Apple Intelligence campaign. Apple continuously represented that the iPhone 16s had—or would have "in the next coming months"— the enhanced Siri functions advertised in connection with its Apple Intelligence marketing, including, among others set forth below at paragraphs 39–40:

a. "With Apple Intelligence, Siri can draw on a user's personal context to answer questions."[11]

b. "Awareness of your personal context enables Siri to help you in ways that are unique to you."[12]

c. "Siri will become even more capable, with the ability to draw on a user's personal context to deliver intelligence that's tailored to them."[13]

---

[9] *Id.*

[10] *Id.*

[11] Apple, *Apple Intelligence is Available Today on iPhone, iPad, and Mac* (Oct. 28, 2024), https://www.apple.com/newsroom/2024/10/apple-intelligence-is-available-today-on-iphone-ipad-and-mac/

[12] Internet Archive of Apple's iPhone 16 webpage dated Sept. 11, 2024, available at https://web.archive.org/web/20240911122231/https://www.apple.com/iphone-16/; Internet Archive of Apple's iPhone 16 webpage dated March 2, 2025, available at https://web.archive.org/web/20250302195816/https://www.apple.com/iphone-16/#siri-gallery-item-3.

[13] Apple, *Apple Intelligence Comes to iPhone, iPad, and Mac Starting Next Month* (Sept. 9, 2024), https://www.apple.com/newsroom/2024/09/apple-intelligence-comes-to-iphone-ipad-and-mac-starting-next-month/; Apple, *Apple Intelligence is Available Today on iPhone, iPad, and Mac* (Oct. 28, 2024), https://www.apple.com/newsroom/2024/10/apple-intelligence-is-available-today-on-iphone-ipad-and-mac/.

CLASS ACTION COMPLAINT

     d.    "Siri will also gain onscreen awareness, as well as be able to take hundreds of new actions in and across Apple and third-party apps."[14]

8.    Apple also posted a video advertisement for iPhone 16s on YouTube in September 2024, which ran on national television broadcasts during the MLB and NFL seasons, that similarly displayed Siri's enhanced Apple Intelligence functions specifically on the iPhone 16. The advertisement featured prominent actress Bella Ramsey, and it displayed Ramsey actually using the purported capabilities of Siri on iPhone 16:

     a.    The advertisement depicts Ramsey at a party, and having forgotten the name of a person at the party, she prompts Siri on an iPhone 16 by asking "Siri, what's the name of the guy I had a meeting with a couple of months ago at Café Grenel." In response, Siri is depicted as analyzing the iPhone's user-specific information and applications and responding visually and audibly by identifying the other person:

 

---

[14] Apple, *Apple Intelligence Comes to iPhone, iPad, and Mac Starting Next Month* (Sept. 9, 2024), https://www.apple.com/newsroom/2024/09/apple-intelligence-comes-to-iphone-ipad-and-mac-starting-next-month/; Apple, *Apple Intelligence is Available Today on iPhone, iPad, and Mac* (Oct. 28, 2024), https://www.apple.com/newsroom/2024/10/apple-intelligence-is-available-today-on-iphone-ipad-and-mac/.

1

2

3

      b.    In the ad, Apple stated that Apple Intelligence, specifically indicating this ability to analyze user-specific information across apps, would be available in the "fall 2024" but hedged that "[s]ome other features ... will be coming over the next year."

4

5

6

7

8

9

10

11

12

13

14



15

16

17

18

19

20

21

22



23

24

25

26

27

28

    9.    Despite promising that the iPhone 16s had or would have these Apple Intelligence functions, they did not—and still do not and may not ever—have any of the Apple Intelligence capabilities of Siri touted in its marketing campaigns. After months of repeated delays and promises that the features were forthcoming, Apple has finally admitted that it has indefinitely delayed the Siri upgrades with Apple Intelligence, which very features Apple advertised over the last ten months. Some Apple

insiders reported that the advertised features could be *scrapped altogether and, thus, never made available*.

10. In fact, **in March 2025**, senior Apple employees admitted that many of Siri's Apple Intelligence features touted in its marketing campaign were not actually incorporated into iPhone 16s and may not be incorporated until, at earliest, 2026, if ever.[15] As reported by Bloomberg News, in an internal meeting, an Apple Senior Director stated: "This was not one of these situation where we get to show people our plan after it's done .... We showed people *before*."[16] "To make matters worse," despite not being ready for market, Apple's "marketing communications department wanted to promote" Apple Intelligence enhancements to iPhone 16s.[17] One top Apple executive, Craig Frederighi, reportedly "voiced concerns to other senior executive that the features weren't working as advertised ...."[18]

11. The indefinite delay of Siri's Apple Intelligence features, and its premature advertising, reportedly led to a reorganization within Apple's department responsible for Siri development. Apple shifted responsibility for Siri's development from its AI head John Giannandrea to another executive, Mike Rockwell.[19]

12. Additionally, acknowledging its misrepresentation of iPhone 16 capabilities, in early March Apple silently removed from YouTube the advertisement featuring Bella Ramsey and Apple Intelligence functionality of Siri on the iPhone 16 as well as other advertisements.[20]

---

[15] Mark Gurman, *Apple's Siri Chief Calls AI Delays Ugly and Embarrassing, Promises Fixes*, Bloomberg (Mar. 14, 2025), https://www.bloomberg.com/news/articles/2025-03-14/apple-s-siri-chief-calls-ai-delays-ugly-and-embarrassing-promises-fixes.

[16] *Id.* (emphasis added).

[17] *Id.*

[18] *Id.*

[19] Mark Gurman, *Apple Shuffles AI Executive Ranks in Bid to Turn Around Siri*, Bloomberg (Mar. 20, 2025), https://www.bloomberg.com/news/articles/2025-03-20/apple-vision-pro-chief-mike-rockwell-named-siri-head-giannandrea-keeps-ai-role.

[20] Omar Shail, *Apple Intelligence Ad Showcasing the Revamped Version of Siri that Understood Personal Context has Been Removed Following Company's Admission that the Feature is Delayed*, WCCFTech (Mar. 8, 2025), https://wccftech.com/apple-intelligence-ad-showing-new-siri-has-been-removed/.

CLASS ACTION COMPLAINT

13.    Apple advertised Apple Intelligence capabilities of Siri in order to sell iPhone 16s to consumers, like Plaintiff, to who, as studies show and Apple knows, Artificial Intelligence ("AI") functionality is important in deciding whether to purchase a new smartphone.[21]

14.    Further, Apple advertised the Apple Intelligence functions to make the appearance that it was staying abreast with its competitors and, additionally, to drive up its market price. Indeed, some Apple engineers, on Apple's AI and machine-learning team, reportedly "believe that Apple Intelligence was rushed to market to appease an AI-obsessed Wall Street."[22]

15.    As set forth herein, Apple has made misrepresentations and committed unfair, deceptive, and misleading practices in connection with its marketing and advertising of the iPhone 16 and its Apple Intelligence features of Siri.

16.    Accordingly, Plaintiff brings this class action against Apple for its violation of the Illnois consumer protection statutes, common law fraud, negligent misrepresentation, and breaches of warranty. Plaintiff seeks, individually and on behalf of those similarly situated, monetary damages incurred as a result of Apple's misrepresentations of iPhone 16s and to obtain injunctive relief mandating that Apple cease and correct its false, deceptive, and unfair advertising relating to the iPhone 16's Apple Intelligence capabilities.

## JURISDICTION AND VENUE

17.    This Court has jurisdiction over this lawsuit under the Class Action Fairness Act, 28 U.S.C. § 1332, because this is a proposed class action in which: (1) there are at least 100 class members; (2) the combined claims of class members exceed $5,000,000, exclusive of interest, attorneys' fees, and costs; and (3) Plaintiff and Apple are domiciled in different states.

---

[21] Rishad Dsouza, *AI On Smartphones – What Features Do Consumers Value Most?*, YouGov (Sept. 30, 2024), https://business.yougov.com/content/50614-ai-on-smartphones-what-features-do-consumers-value-most.

[22] Mark Gurman, *Apple's Long-Promised AI Overhaul for Siri Runs Into Bugs, Possible Delays*, Bloomberg (Feb. 14, 2025), https://www.bloomberg.com/news/articles/2025-02-14/apple-s-long-promised-ai-overhaul-for-siri-runs-into-bugs-possible-delays.

18.    The Court has personal jurisdiction over Apple because its principal place of business is within this District and it has sufficient minimum contacts in California to render the exercise of jurisdiction by this Court proper and necessary.

19.    Venue is proper in this District under 28 U.S.C. § 1391 because Apple resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## INTRADISTRICT ASSIGNMENT

20.    Assignment to the San Jose Division is appropriate under Local Rule 3-2(c) because Apple is headquartered in Cupertino, California and a substantial part of the conduct at issue in this case occurred in Santa Clara County.

## THE PARTIES

21.    Plaintiff is a citizen of Rockford, Illinois.

22.    While in Illinois, on October 5, 2024, Mr. Hopkins purchased an iPhone 16 Pro from Apple's website for $1,167.69.

23.    Before purchasing his iPhone 16, Mr. Hopkins conducted internet research, including on Apple's iPhone 16 website, viewed Apple video advertisements regarding iPhone 16s, saw at least some of Apple's WWDC presentation and marketing the day it was released, and saw Apple's advertisements marketing the iPhone 16's incorporation of Apple Intelligence and related new Siri functionality. Mr. Hopkins also recalls Apple's advertisements regarding Siri's ability to access and analyze information across iPhone 16 applications to create user-specific responses.

24.    Apple's marketing of the iPhone 16s and Apple Intelligence capabilities, and its addition to Siri's functionality, were important factors in Mr. Hopkins's decision to purchase his iPhone 16. (Prior to purchasing his iPhone 16, Mr. Hopkins had an iPhone 14 Pro, which was not compatible with Apple Intelligence.)

25.    Mr. Hopkins's iPhone 16, like all other class members iPhone 16s, does not actually have the capabilities Apple represented in its advertising.

26.     Had Mr. Hopkins been aware that his iPhone 16 does not have the Apple Intelligence capabilities as represented by Apple, Mr. Hopkins would not have purchased his iPhone 16 or would have paid significantly less for it. As a result of Apple's conduct, Mr. Hopkins has been injured.

27.     Defendant, Apple Inc., is incorporated under the laws of the State of California and maintains its principal place of business in Cupertino, California.

## FACTUAL ALLEGATIONS

**A.     Smartphone AI functionality is important to consumers and the markets**

28.     A smartphone's ability to use AI is important to consumers in deciding to purchase a new phone. According to one recent study, "60% of consumers now consider AI features important when choosing their next smartphone, including 21% who say AI features are very important."[23]

29.     Apple knows that AI functionality is important to consumers. For example, Apple's CEO, Tim Cook, reported that the iPhone 16 sells better in regions (like the U.S.) where Apple offers Apple Intelligence features as compared to regions where Apple Intelligence is not offered.[24]

30.     Smartphone AI functions are also important to the markets. Just days after Apple first unveiled its Apple Intelligence suite, Apple's stock price hit a record high.[25]

**B.     Apple has fallen behind its competitors in the development of useful AI applications**

31.     The development of AI has been described as "the biggest technology revolution since the debut of the internet."[26] And for the last few years, virtually all major tech companies are competing in

---

[23] Rishad Dsouza, *AI On Smartphones – What Features Do Consumers Value Most?*, YouGov (Sept. 30, 2024), https://business.yougov.com/content/50614-ai-on-smartphones-what-features-do-consumers-value-most.

[24] Andrew Orr, *The Lack of Apple Intelligence in Some Regions is Impacting iPhone Sales,* Apple Insider (Jan. 30, 2025) https://appleinsider.com/articles/25/01/30/the-lack-of-apple-intelligence-in-some-regions-is-impacting-sales.

[25] Matthew Fox, *Apple Stock Soars 7% to Record Highs After AI-Focused WWDC Event*, Business Insider (June 11, 2024), https://markets.businessinsider.com/news/stocks/apple-stock-price-soars-new-record-high-ai-focused-wwdc-2024-6#:~:text=Apple%20stock%20soars%207%7%20to,after%20AI%2Dfocused%20WWDC%20event.

[26] Mark Gurman, *Apple's Artificial Intelligence Efforts Reach a Make-or-Break Point*, Bloomberg (Mar. 2, 2025), https://www.bloomberg.com/news/newsletters/2025-03-02/apple-siri-compared-with-alexa-m4-macbook-air-and-ipad-air-2025-coming-soon-m7rn2k2y.

the race to develop and perfect marketable AI with products like OpenAI's ChatGPT, Google's Gemini, Microsoft's Azure and Copilot, and Amazon's SageMaker.

32.     Apple fell behind its competitors in developing or implementing useful AI, however.[27] Meanwhile, Apple's competitors in the smart phone market, using Android software, began to power AI features with Google's Gemini.

33.     In order to keep up with its competitors, in June 2024, announced its Apple Intelligence suite.   Apple specifically claimed a new version of Siri had been enhanced by AI to analyze natural language and user-specific content, and consumers and the markets reacted positively to the hype.

**C.**   **Apple rushes to advertise and market Apple Intelligence despite not being developed or functional**

34.     Apple Intelligence was the key advertised feature that distinguished the iPhone 16 from prior models.  As became apparent only recently, however, Apple announced Apple Intelligence before it was adequately developed and without ample time to properly integrate the promised functions into iPhone 16s.[28]

35.     Apple first unveiled its Apple Intelligence at the June 10, 2024 WWDC.

36.     At the WWDC, Apple began marketing Apple Intelligence capabilities that would be available on the new iPhone 16s. Specifically, Apple displayed Siri's new features powered by Apple Intelligence: (i) the ability to analyze personal information across all applications to respond uniquely to user's prompts, which included the ability to tap into a customer's data to better answer prompts and take action; (ii) a new system that permitted Siri to more precisely control applications; and (iii) the ability to see what is currently on an iPhone's screen and use that context to respond to the user.

---

[27] Aaron Tilley, *How Apple Fell Behind in the AI Arms Race*, Wall St. J. (June 5, 2024), https://www.wsj.com/tech/ai/apple-ai-siri-development-behind-9ea65ee8.

[28] See id.

37.    For example—with a computer-generated video mock-up—Apple provided a "demo" that showed "how powerful Siri will be." In the demo, the presenter (Kelsey Peterson, Director of Machine Learning AI), asked Siri questions related to picking up her mother at the airport and their lunch plans. Apple then displayed an iPhone's Siri "cross refenc[ing]" emails to show when the mother's flight would land. And then, when prompted "when's our lunch plan?," Siri effortlessly tracked lunch reservations from a text messages but not recorded in the calendar app.[29] But these displayed capabilities, shown with a computer-generated video, did not actually exist. In fact, at the time of the WWDC, Apple reportedly "only had a barely working prototype."[30]



38.    On the same day as the WWDC, Apple began rolling out its comprehensive marketing campaign emphasizing the capabilities of Apple Intelligence, all of which were similar to the statements made at the WWDC. In addition to the misrepresentations quoted above at paragraph 6, in June 2024, Apple further represented that:

---

[29] Apple's WWDC Presentation, available to download here: https://www.apple.com/apple-events/?useASL=true; *see also See* Mark Gurman, *Apple's Artificial Intelligence Efforts Reach a Make-or-Break Point*, Bloomberg (Mar. 2, 2025), https://www.bloomberg.com/news/newsletters/2025-03-02/apple-siri-compared-with-alexa-m4-macbook-air-and-ipad-air-2025-coming-soon-m7rn2k2y.

[30] Mark Gurman, *Apple's Siri Chief Calls AI Delays Ugly and Embarrassing, Promises Fixes*, Bloomberg (Mar. 14, 2025), https://www.bloomberg.com/news/articles/2025-03-14/apple-s-siri-chief-calls-ai-delays-ugly-and-embarrassing-promises-fixes.

CLASS ACTION COMPLAINT

a.    "With Apple Intelligence, Siri will be able to take hundreds of new actions in and across Apple and third-party apps. For example, a user could say, 'Bring up that article about cicadas from my Reading List,' or 'Send the photos from the barbecue on Saturday to Malia," and Siri will take care of it.'"[31]

b.    "Siri will be able to deliver intelligence that's tailored to the user and their on-device information. For example, a user can say, 'Play that podcast that Jamie recommended,' and Siri will locate and play the episode, without the user having to remember whether it was mentioned in a text or an email. Or they could ask, 'When is Mom's flight landing?' and Siri will find the flight details and cross-reference them with real-time flight tracking to give an arrival time."[32]

39.    About a month later, on **September 9, 2024**, Apple introduced its iPhone 16 lineup and represented that its iPhone 16s were specifically "designed for Apple Intelligence."[33] The keystone of Apple's advertisements and marketing campaign for the iPhone 16 was the Apple Intelligence capabilities of the new iPhone 16.

40.    On its iPhone 16 webpage, from **September 9, 2024 until March 2, 2025**, in addition to the misrepresentations set forth above at paragraphs 7–8, 39, Apple's iPhone 16 website stated that iPhone 16s heralded a "new era for Siri." The new Siri, Apple again represented, had "[a]wareness of your personal context [that] enables Siri to help you in ways that are unique to you." And, again, the advertisement displayed a nearly identical flight prompt as used in the WWDC presentation:[34]

---

[31] Apple, *Introducing Apple Intelligence, The Personal Intelligence System That Puts Powerful Generative Models At The Core Of iPhone, iPad, And Mac* (June 10, 2024), https://www.apple.com/newsroom/2024/06/introducing-apple-intelligence-for-iphone-ipad-and-mac/.

[32] *Id.*

[33] Internet Archive of Apple's iPhone 16 webpage dated September 9, 2024, available at https://web.archive.org/web/20240909201013/https://www.apple.com/iphone-16/.

[34] Internet Archive of Apple's iPhone 16 webpage dated Sept. 9, 2024, available at, https://web.archive.org/web/20240909201013/https://www.apple.com/iphone-16/; Internet Archive of Apple's iPhone 16 webpage dated Sept. 11, 2024, available at https://web.archive.org/web/20240911122231/https://www.apple.com/iphone-16/; Internet Archive of Apple's iPhone 16 webpage dated Sept. 30, 2024, available at https://web.archive.org/web/20240930213728/https://www.apple.com/iphone-16/; Internet Archive of Apple's iPhone 16 webpage dated March 2, 2025, available at https://web.archive.org/web/20250302195816/https://www.apple.com/iphone-16/#siri-gallery-item-3

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17       41.     Apple repeatedly made these misrepresentations across many different advertisements and

18 media. For example, in a video advertisement posted on September 9, 2024, which is still available today,

19 Apple represents that the iPhone 16 was "built for Apple Intelligence."[35] The ad further states that iPhone

20 16s "included a more personal Siri" that could, for example (again), answer the question of "when is

21
22
23
24
25
26
27
28

---

[35] *See, e.g.*, Apple, *Introducing iPhone 16*, available on YouTube at
https://www.youtube.com/watch?v=GDlkCkcIqTs (posted Sep 9, 2024).

moms [sic] flight landing" by analyzing personal data across multiple apps. Siri could not and still cannot undertake those functions driven by Apple Intelligence.[36]



42.    Apple ran this advertisement and the advertisement featuring Bella Ramsey on major television networks for six months.[37]

43.    Apple engaged in a sprawling marketing campaign that advertised Siri's enhanced Apple Intelligence functions on iPhone 16s. Yet the iPhone 16 did not and may not ever have the advertised capabilities as noted herein.

**D.    Apple indefinitely delays the advertised Apple Intelligence functions of Siri on iPhone 16s**

44.    By marketing Apple Intelligence and Siri's capabilities, Apple made promises it could not keep. While the engineering team had not merged Siri's systems controlling basic functions with the more advanced system controlling enhanced Apple Intelligence functions, which meant that the advertised capabilities were not possible, Apple's marketing team pushed forward with advertising Siri capabilities that did not yet work. In short, Apple was marketing capabilities that were not developed, which led to Apple indefinitely delaying implementation of the advertised functions.

45.    Apple has strung consumers along by repeatedly promising that the Apple Intelligence version of Siri would be available soon, even though they would not be. At the June 2024 WWDC event,

---

[36] *Id.*

[37] Mark Gurman, *Apple Delays Siri Upgrade Indefinitely as AI Concerns Escalate*, Bloomberg (Mar. 7, 2025), https://www.bloomberg.com/news/articles/2025-03-07/apple-confirms-delay-of-ai-infused-personalized-siri-assistant.

Apple announced that Siri's enhanced capabilities would be available "over the course of the next year." In September, on its iPhone 16 website, Apple made the same promise.[38] In its September TV advertisement featuring Bella Ramsey, Apple promised the Siri advancements would be available in "fall 2024" or "within the next year." *Supra* ¶ 8. Apple then planned to release the Siri features in April 2025.[39] Apple then postponed the release until May 2025.[40]

46.    On March 7, 2025, Apple announced that it was again delaying the advertised AI capabilities. This time, the delay was and is indefinite.[41] Reportedly, the advertised Apple Intelligence capabilities of Siri will not be ready until 2026 at the earliest—at least two years after Apple first advertised them.[42] Insiders report, however, that the delay is indefinite and there is no set timeline to deliver the promised Siri's Apple Intelligence features. Worse, some in Apple's AI division believe that work on Siri's capabilities could be scrapped altogether and, thus, never made available.[43]

47.    Further details emerged from Apple employees involved in an internal meeting regarding the delay. The Apple Senior Director in charge of overseeing Siri, Robby Walker, reportedly acknowledged that "it's unclear" when Apple will launch the advertised Siri functions. Walker reportedly stated that even though the Siri updates are expected in 2026, it "doesn't mean that we're shipping then"; in other words, consumers may not see the advertised functions until much later than 2026. The delay, Walker reportedly acknowledged, "was especially 'ugly' because Apple had already showed off the features publicly." "'To make matters worse,' Walker said, Apple's marketing communications

---

[38] *See, e.g.*, Internet Archive of Apple's iPhone 16 webpage dated Sept. 9, 2024, available at, https://web.archive.org/web/20240909201013/https://www.apple.com/iphone-16/; Internet Archive of Apple's iPhone 16 webpage dated Sept. 11, 2024, available at https://web.archive.org/web/20240911122231/https://www.apple.com/iphone-16/.

[39] Mark Gurman, *Apple's Long-Promised AI Overhaul for Siri Runs Into Bugs, Possible Delays*, Bloomberg (Feb. 14, 2025), https://www.bloomberg.com/news/articles/2025-02-14/apple-s-long-promised-ai-overhaul-for-siri-runs-into-bugs-possible-delays.

[40] *Id.*

[41] Mark Gurman, *Apple Delays Siri Upgrade Indefinitely as AI Concerns Escalate*, Bloomberg (Mar. 7, 2025), https://www.bloomberg.com/news/articles/2025-03-07/apple-confirms-delay-of-ai-infused-personalized-siri-assistant.

[42] *Id.*

[43] *Id.*

department wanted to promote the enhancements. Despite not being ready, the capabilities were included in a series of marketing campaigns and TV commercials starting last year."[44]

48.    Thus, Apple knew that the advertised Apple Intelligence features were not developed and would not be incorporated into iPhone 16s. Yet, Apple released and continued its comprehensive marketing campaign for Apple Intelligence and the iPhone 16 capabilities even though Apple knew that its representations were false and misleading.

49.    Apple pressed forward with its false marketing campaign anyway because Apple Intelligence was the keystone change to iPhone 16s over prior models and the feature that Apple relied upon to sell more iPhone 16s, particularly since its competitors' products already incorporated artificial intelligence features.

50.    The only prior iPhone models that would be able to use Apple Intelligence were the iPhone 15 Pro and Pro Max. But Apple discontinued the Apple 15 Pro and Pro Max at the same time it released the iPhone 16s.[45] In other words, unless a consumer had an expensive iPhone 15 Pro or Pro Max, the only way to get Apple Intelligence was to buy an iPhone 16.

51.    Given that Apple typically releases a new iPhone model in the fall of each year, meaning that the iPhone 17 will likely be announced in the fall of 2025, the iPhone 16s' Apple Intelligence capabilities of Siri will very likely have been nothing but empty marketing.

**E.    Acknowledging its falsehood, Apple removed or changed some but not all of its false advertising**

52.    Implicitly acknowledging that it had falsely represented the Apple Intelligence capabilities of the iPhone 16s, Apple has removed or changed some but not all of its false advertising.

53.    After Apple announced the indefinite delay of advertised features, Apple pulled the iPhone 16 advertisement from the airwaves featuring Bella Ramsey using the non-existent Siri Apple Intelligence features on an iPhone 16. *See supra* ¶ 8.

---

[44] *Id.*; Mark Gurman, *Apple's Siri Chief Calls AI Delays Ugly and Embarrassing, Promises Fixes*, Bloomberg (Mar. 14, 2025), https://www.bloomberg.com/news/articles/2025-03-14/apple-s-siri-chief-calls-ai-delays-ugly-and-embarrassing-promises-fixes.

[45] Juli Clover, *Apple Discontinues iPhone Pro, iPhone Pro Max, and iPhone 13*, Mac Rumors (Sept. 9, 2024), https://www.macrumors.com/2024/09/09/apple-discontinues-iphone-15-pro-iphone-13/.

54.     Similarly, in March 2025, following the announcement of delay, on its iPhone 16 webpage, Apple quietly changed the language regarding Siri capabilities.

55.     From about March 10 to March 23, 2025, Apple slipped in a new disclaimer that "Siri's personal context understanding, onscreen awareness, and in-app action are in development and will be available with a future software update."[46]



56.     Yet again Apple made another change to the same page on March 24, 2024, and this time overhauling its representations regarding Siri:

    a.     Apple changed "A new era for Siri" to "The start of a new era for Siri"; and

---

[46] Internet Archive of Apple's iPhone 16 webpage dated March 10, 2025, available at https://web.archive.org/web/20250311235841/https://www.apple.com/iphone-16/; Internet Archive of Apple's iPhone 16 webpage dated March 23, 2025, available at https://web.archive.org/web/20250323230316/https://www.apple.com/iphone-16/.

b.     Apple removed the representation that Siri has: "Awareness of your personal context [which] enables Siri to help you in ways that are unique to you." And it removed the exemplar prompt regarding the mother's flight information (compare below with screenshot at ¶ 40), which it had used since June 2024 at the WWDC. The new image and text display:



57.     But these removed or altered misrepresentations, or freshly minted disclaimers, do not rectify the past harm to consumers who were misled into purchasing iPhone 16s, nor do they encompass all of Apple's misrepresentations, many of which Apple is still publishing. For example, even on its iPhone 16 webpage, Apple continues to boast that the iPhone 16 was "built for Apple Intelligence." As another example, Apple still makes available on its YouTube page the video discussed at paragraph 41, above.

## CLASS DEFINITIONS AND ALLEGATIONS

58.     Plaintiff brings this lawsuit under Federal Rule of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3) as a representative of the:

**Nationwide Class:**
All persons within the United States who during the Class Period purchased, other than for resale, an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, and iPhone 16 Pro Max.

**Illinois Subclass:**
All persons who during the Class Period purchased while in Illinois, other than for resale, an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, and iPhone 16 Pro Max.

59.    The above classes are collectively referred to as the Class.

60.    The Class Period is tentatively defined as September 13, 2024, through and including the date that Apple removes all misrepresentations regarding Apple Intelligence features of iPhone 16s, which is, at this time, not complete and, therefore, unknown to Plaintiff. Plaintiff reserves the right to alter, expand, or amend the Class Period.

61.    The following persons and entities are excluded from the Class: Apple and its officers, directors, employees, subsidiaries, and affiliates; all judges assigned to this case and any members of their immediate families; and the parties' counsel in this litigation.

62.    Plaintiff reserves the right to modify, change, or expand the Class definition, including proposing additional subclasses, based upon discovery and further investigation.

63.    **Numerosity.** Apple sold at least hundreds of thousands of iPhone 16s. Members of the Classes are widely dispersed throughout the country. Class members are so numerous that joinder is impracticable.

64.    **Typicality.** Plaintiff's claims are typical of the claims of all Class members. Plaintiff, like all Class members, purchased an iPhone 16, which Apple deceptively and misleadingly advertised. Plaintiff, like all Class members, would not have purchased, or would have paid substantially less for, iPhone 16s had they known that the iPhone 16s did not contain the advertised Apple Intelligence functions.

65.    **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to the interests of other Class members and is committed to vigorously prosecuting this case. Plaintiff has retained competent counsel experienced in the prosecution of consumer protection class actions involving misleading, deceptive, and unfair marketing practices.

66.    **Commonality and Predominance.** Questions of law and fact common to the Class members predominate over questions that may affect only individual Class members, because Apple acted on grounds generally applicable to the Class as a whole. Questions of law and fact common to the Class include:

a.    Whether Apple's advertising and marketing regarding the Apple Intelligence capabilities of the iPhone 16s were false, misleading, deceptive, or unfair;

b.    Whether Apple represented that iPhone 16s possessed particular qualities, functions characteristics, uses, or benefits that were inconsistent with Apple's actual knowledge of them;

c.    Whether Apple's advertising and marketing regarding the AI capabilities of the iPhone 16s created a likelihood of deception or had the capacity to deceive;

d.    Whether Apple knew or should have known that its advertising and marketing were and are misleading;

e.    Whether Apple intended that its advertising and marketing mislead reasonable consumers;

f.    Whether Plaintiff and Class members overpaid for their iPhone 16s as a result of Apple's false, misleading, deceptive, or unfair;

g.    Whether Apple breached its warranties connected with the iPhone 16s;

h.    Whether Plaintiff and Class members are entitled to equitable relief, including restitution and injunctive relief; and

i.    Whether Plaintiff and Class members are entitled to damages or other monetary relief, and if so, in what amount.

67.    **Superiority.** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Apple's financial resources, Class members are not likely to pursue legal redress individually for the violations detailed in this complaint. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard

because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

68.    Class certification is also appropriate under Rules 23(b)(1) and/or (b)(2) because:

a.    The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for Apple;

b.    The prosecution of separate actions by individual Class members would create a risk of adjudications that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and

c.    Apple acted and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the members of the Class as a whole.

## CLAIMS FOR RELIEF

## COUNT I
### Common Law Fraud
**Individually and on Behalf of the Nationwide Class or, in the Alternative, the Illinois Subclass**

69.    Plaintiff realleges and incorporates by reference all preceding and succeeding allegations as though fully set forth herein.

70.    Plaintiff brings this cause of action on behalf of himself and the Nationwide Class against Apple as there are no true conflicts among the states' laws of fraud. In the alternative, Plaintiff brings this claim on behalf of the Illinois Subclass.

71.    Apple manufactured, designed, advertised, and sold the iPhone 16s in all 50 states. Apple also drafted, distributed, and disseminated the same advertising materials in all 50 states, including on the website it maintains to advertise iPhone 16s and its press releases. Apple also disseminated false and misleading television advertisements during nationwide broadcasts. Those materials misrepresented that the iPhone 16s were built for Apple Intelligence and had the AI and Siri capabilities, as described above.

72.    Apple knew that the iPhone 16s did not have the Apple Intelligence or Siri capabilities as it had advertised.

73.    Apple charged a premium for the falsely represented features in the iPhone 16s.

- 22 -

74.    That the iPhone 16s were not and would not be able to perform the represented capabilities is not something Plaintiff and Class Members in the exercise of reasonable diligence could have discovered independently prior to purchase because of Apple's pervasive false and misleading marketing of Apple Intelligence and the iPhone 16s. The truth that Apple had not yet developed the marketed capabilities remained solely within Apple's custody and control.

75.    Apple knew the misrepresented facts regarding the iPhone 16s were not known to or reasonably discoverable by Plaintiff and Class Members.

76.    Apple's misrepresentations had the capacity to, and did, deceive Plaintiff and Class Members into believing that the iPhone 16s they purchased were or would be capable of performing the advertised Apple Intelligence functions.

77.    The facts misrepresented by Apple to Plaintiff and Class Members were material in that a reasonable person would have considered them to be important in deciding whether to purchase the iPhone 16s, or pay a lesser price for them, and were likely to deceive a reasonable person.

78.    Had Plaintiff and Class Members known that the iPhone 16s did not have the capabilities Apple advertised, they would not have purchased the iPhone 16s or would have paid less for them.

79.    Apple misrepresented the true nature of the iPhone 16s' capabilities to induce Plaintiff and Class Members to act thereon. Plaintiff and the other Class Members justifiably relied on Apple's misrepresentations to their detriment. This detriment is evident from Plaintiff's and Class Members' purchases of the iPhone 16s at a premium price.

80.    Apple continues to misrepresent the capabilities of iPhone 16s.

81.    As a direct and proximate result of Apple's misrepresentations, Plaintiff and Class Members have suffered and will continue to suffer actual damages. Plaintiff and the Class reserve their right to either elect to (a) rescind their purchase the misrepresented iPhone 16s and obtain restitution, or (b) affirm their purchase of the iPhone 16s and recover damages. Additionally, Plaintiff and the Class seek injunctive relief as described herein.

**COUNT II**
**Negligent Misrepresentation**
**Individually and on Behalf of the Nationwide Class or, in the Alternative, the Illinois Subclass**

82.    Plaintiff realleges and incorporates by reference all preceding and succeeding allegations as though fully set forth herein.

83.    Plaintiff brings this cause of action on behalf of himself and the Nationwide Class against Apple as there are no true conflicts among the states' laws of negligent misrepresentation. In alternative, Plaintiff brings this claim on behalf of the Illinois Subclass.

84.    Apple manufactured, designed, advertised, and sold the iPhone 16s in all 50 states. Apple also drafted, distributed, and disseminated the same advertising materials in all 50 states, including on the website it maintains to advertise iPhone 16s and its press releases. Apple also disseminated false and misleading television advertisements during nationwide broadcasts. Those materials misrepresented that the iPhone 16s were built for Apple Intelligence and had the AI and Siri capabilities, as described above.

85.    Defendant knew or should have known that its representations were false and misleading.

86.    The misrepresentations concerned material facts that influenced Plaintiff's and members of the Class's decisions to purchase the iPhone 16s.

87.    Apple knew or should have known that Plaintiff and Class members would rely on its misrepresentations.

88.    Plaintiff and members of the Class reasonably, justifiably, and detrimentally relied on the misrepresentations, and, as a direct and proximate result thereof, have and will continue to suffer damages in an amount to be determined at trial.

**COUNT III**
**UCC Breach Of Express Warranty**
**Breaches of Affirmations of Facts and Descriptions**
**Individually and on Behalf of the Nationwide Class or, in the Alternative, the Illinois Subclass**

89.    Plaintiff realleges and incorporates by reference all preceding and succeeding allegations as though fully set forth herein.

90.    Plaintiff brings this claim on behalf of himself and the Nationwide Class, or, in the alternative, on behalf of the Illinois Subclass under the law of Illinois.

91.    Each of the states has adopted the portions of the Uniform Commercial Code ("UCC")

- 24 -

concerning warranty claims into its state statutory system.

92.    Apple is a "merchant" and "seller" as defined under the UCC.

93.    The iPhone 16s are "goods" as defined under the UCC.

94.    Pursuant to UCC § 2-313 (and, in Illinois, 810 Ill. Comp. Stat. Ann. 5/2-313) an affirmation of fact, promise, or description made by the seller to the buyer which relates to the goods and becomes a part of the basis of the bargain creates an express warranty that the goods will conform to the affirmation, promise, or description.

95.    Plaintiff and each member of the Class formed contracts with Defendant at the time they purchased their iPhone 16s. The terms of that contract include the Defendant's claims that the iPhone 16s were built for Apple Intelligence and had the AI and Siri capabilities, as described above. This product advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiff and the members of the Class, on the one hand, and Defendant, on the other.

96.    Apple breached the terms of these contracts, including the express warranties, by failing to provide iPhone 16s that provided the benefits advertised by Defendant—namely, iPhone 16s were built for Apple Intelligence and had the AI and Siri capabilities.

97.    Any attempt by Defendant to disclaim or limit its express warranties is unconscionable and unenforceable under the circumstances here. Defendant knew or should have known that the iPhone 16s did not and would not have the represented capabilities; Defendant had unequal bargaining power and misrepresented the reliability, quality, performance, and qualities of the iPhone 16s; and any limited remedies unreasonably favor Defendant and fail Plaintiff's reasonable expectations concerning product performance.

98.    Any purported warranty limitations excluding or limiting (a) labor and costs of labor and (b) incidental and consequential damages, are also procedurally and substantively unconscionable and thus fail under UCC § 2-302.

99.    Plaintiff and the Class members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Apple's conduct

described herein. Plaintiff and the Class members were not required to notify Apple of the breach because it would have been futile.

100.    As a direct and proximate cause of Apple's breach, Plaintiff and Class members bought iPhone 16s they otherwise would not have, overpaid for the iPhone 16s, did not receive the benefit of their bargain, and their iPhone 16s' suffered a diminution in value and Apple has not offered an adequate remedy.

### COUNT IV
### UCC Breach Of Implied Warranty
**Individually and on Behalf of the Nationwide Class or, in the Alternative, the Illinois Subclass**

101.    Plaintiff realleges and incorporates by reference all preceding and succeeding allegations as though fully set forth herein.

102.    Plaintiff brings this claim on behalf of himself and the Nationwide Class, or, in the alternative, on behalf of the Illinois Subclass under the law of Illinois.

103.    Each of the states has adopted the portions of the Uniform Commercial Code ("UCC") concerning warranty claims into its state statutory system.

104.    Apple is a "merchant" and "seller" as defined under the UCC.

105.    The iPhone 16s are "goods" as defined under the UCC.

106.    A warranty that the iPhone 16s were in merchantable condition, conformed with promises or affirmations of fact, and fit for the ordinary purpose for which smartphones are used is implied by law under UCC 2-314 (in Illinois, 810 ILS 5/2-314).

107.    Apple directly marketed and sold iPhone 16s to customers through its own website and locations as well as authorized retailers. To the extent Class member purchased through authorized retailers, Apple knew that the iPhone 16s would and did pass unchanged from the authorized retailers to Class members.

108.    Apple provided Plaintiff and the Class members with an implied warranty that the iPhone 16s were and are merchantable and fit for the ordinary purposes for which they were sold.

109.    This implied warranty included, among other things: (i) a warranty that the Class iPhones were manufactured and built for Apple Intelligence; (ii) a warranty that the iPhone 16s conform to the promises and affirmations of fact made by Apple; and (iii) a warranty that the iPhone 16s would be fit

for their intended use with Apple Intelligence.

110.    Contrary to the applicable implied warranties, the iPhone 16s at the time of sale and thereafter were not manufactured and built for Apple Intelligence, do not conform to the promises and affirmations of fact made be Apple, and are not fit for their ordinary and intended use with Apple Intelligence. Instead, the iPhone 16s lack the Apple Intelligence capabilities advertised by Apple. Apple knew that the iPhone 16s did not conform at the time the sale transactions occurred.

111.    As a result of Apple's breach of the applicable implied warranties, Plaintiff the Class members suffered an ascertainable loss of money, property, and/or value of their iPhone 16s.

112.    Apple's actions, as complained of herein, breached the implied warranty that the iPhones were of merchantable quality and fit for such use in violation of the Uniform Commercial Code and relevant state law.

113.    Plaintiff and the Class members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Apple's conduct described herein. Plaintiff and the Class members were not required to notify Apple of the breach because it would have been futile.

114.    Plaintiff the Class have had sufficient dealings with Apple or its authorized retailers or agents to establish privity of contract. Notwithstanding this, Plaintiff and Class members are intended third-party beneficiaries of contracts between Defendant and its authorized retailers, and specifically, of Defendant's implied warranties. Defendant's retailers and distributors are intermediaries between Defendant and consumers. These intermediaries sell iPhone 16s to consumers and are not, themselves, consumers of iPhones, and therefore have no rights against Defendant with respect to Plaintiff's and Class members' purchases of iPhones. Defendant's warranties were designed for the benefit of consumers who purchased iPhone 16s.

115.    In its capacity as a supplier and/or warrantor, and by the conduct described herein, any attempt by Apple to limit the implied warranty in a manner that would exclude or limit coverage for its breaches would be unconscionable. Apple's warranties were adhesive and did not permit negotiations. Apple possessed superior and exclusive knowledge that the iPhone 16s did not have the capabilities that it falsely represented. Apple continued and still continues to misrepresent the capabilities of the iPhone

16s.

116.    Additionally, Apple's attempts to disclaim or limit the implied warranty were ineffectual pursuant to Ill. Comp. Stat. 5/2-316.

117.    As a direct and proximate cause of Apple's breach, Plaintiff the Class members suffered damages and continue to suffer damages, including economic damages at the point of sale and diminution of value of their iPhone 16s.

118.    As a direct and proximate result of Apple's breach of the implied warranty of merchantability, Plaintiff and the Class members have been damaged in an amount to be proven at trial.

**COUNT V**
**Unjust Enrichment**
**Individually and on Behalf of the Nationwide Class or, in the Alternative, the Illinois Subclass**

119.    Plaintiff realleges and incorporates by reference all preceding and succeeding allegations as though fully set forth herein.

120.    Plaintiff brings this claim on behalf of himself and the Nationwide Class, or, in the alternative, on behalf of the Illinois Subclass under the law of Illinois.

121.    This claim is pleaded in the alternative to the other warranty-based claims set forth herein should the Court deem the warranty claims unenforceable.

122.    As a result of Apple's material false or misleading advertising, marketing and/or sale of its Apple Intelligence capabilities of the iPhone 16s, Defendant was enriched at the expense of Plaintiff and all other Class members through their purchase of the iPhone 16s because the iPhones did not have the capabilities as represented.

123.    Apple has voluntarily accepted and retained these profits and benefits, with full knowledge and awareness that, as a result of Apple's misconduct alleged herein, Plaintiff and the Class were not receiving products of the quality, nature, fitness, or value that had been represented by Apple, and that a reasonable consumer would expect. Specifically, Plaintiff and the Class members expected that when they purchased their iPhone 16s, they would be built for and capable of performing the advertised Apple Intelligence functions (for which they were not, are not, and may never be).

124.    Apple has been unjustly enriched by its fraudulent, deceptive, unlawful, and unfair conduct, and it is withholding of benefits and unearned monies from Plaintiff and the Class at the expense

of these parties.

125.    Equity and good conscience militate against permitting Apple to retain these profits and benefits.

**<u>COUNT VI</u>**
**Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA")**
**815 Ill. Cop. Stat. 505/1–505/12**
**Individually and on Behalf of the Illinois Subclass**

126.    Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

127.    Plaintiff brings this cause of action individually and on behalf of the Illinois Subclass.

128.    Apple is a "person" as defined in 815 Ill. Comp. Stat. 505/1(c).

129.    Apple is involved in the "trade or commerce" of "merchandise" as defined in 815 Ill. Comp. Stat. 505/1(b) and (f).

130.    Plaintiff and the Class members are "consumer(s)" as defined in 815 Ill. Comp. Stat. 505/1(e).

131.    The ICFA prohibits "unfair methods of competition and unfair or deceptive acts or practices, including, but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', … whether any person has in fact been misled, deceived or damaged thereby." 815 Ill. Comp. Stat. 505/2.

132.    **Deceptive Acts or Practices.** Apple engaged in deceptive acts and practices by using deception, fraud, false pretense, false promise, and misrepresentation by marketing and advertising the iPhone 16s as capable of performing Apple Intelligence features when they were not.

133.    Apple also engaged in deceptive acts and practices by employing practices described in violation of Section 2 of the Unform Deceptive Trade Practices act, including:

a.    Representing that the iPhone 16s had characteristics, uses, or benefits that they did not have (815 Ill. Comp. Stat. Ann. 510/2(5));

b.     Representing that the iPhone 16s were of a particular standard or quality when they were another in violation (815 Ill. Comp. Stat. Ann. 510/2(7));

c.     Advertising iPhone 16s with the intent not to sell them as advertised (815 Ill. Comp. Stat. Ann. 510/2(9)); and

d.     Engaged in marketing and advertising that created a likelihood of confusion or misunderstanding of the iPhone 16's AI capabilities (815 Ill. Comp. Stat. Ann. 510/2(12)).

134.    **Unfair Acts or Practices.** Apple's marketing and advertisements of Apple Intelligence and the iPhone 16 also constitute unfair acts or practices because it offends public policy; is immoral, unethical, oppressive, or unscrupulous; and/or causes substantial injury to consumers.

135.    Apple's conduct offends public policy because, among other things, Apple engaged in a bait-and-switch scheme by which it promised features that iPhone 16s do not have. Apple's conduct is immoral, unethical, oppressive, and unscrupulous because, among other things, consumers had no choice with respect to purchasing iPhones as misrepresented versus accurately represented. And Apple's conduct caused substantial injury to consumers because its pervasive marketing scheme harmed hundreds of thousands of consumers who purchased iPhone 16s.

136.    Apple's unfair and deceptive acts or practices occurred repeatedly in its trade or business and were capable of deceiving a substantial portion of the purchasing public.

137.    By marketing the iPhone 16s as having enhanced Apple Intelligence features that Apple knew they did not have, Apple intended consumers to rely on its misrepresentations.

138.    Apple's deceptive and unfair trade practices, including its misrepresentations described herein, were likely to mislead consumers acting reasonably under the circumstances.

139.    Plaintiff and the Class members have suffered injury in fact and actual damages resulting from Apple's material misrepresentations, including by paying an inflated purchase price for their iPhone 16s. Had Plaintiff and the Class members known that the iPhone 16s did not have the advertised Apple Intelligence capabilities, they would not have purchased their iPhone 16 or would have paid less in doing so.

140.    As a direct and proximate result of Apple's unfair and deceptive conduct, therefore, Plaintiff and the Class members have been harmed.

141.    Plaintiff and the Class members are entitled to recover their actual damages and reasonable attorneys' fees under 815 Ill. Comp. Stat. 505/2S; 815 Ill. Comp. Stat. 505/10a(a).

142.    Plaintiff and the Class members also seek injunctive relief under 815 Ill. Comp. Stat. 505/10a(c).

143.    In the future, Plaintiff may consider purchasing other Apple products similarly marketed and advertised as capable of Apple Intelligence and enhanced Siri features and, thus, may be injured by Apple's continued false, misleading, and deceptive advertising of Apple Intelligence.

144.    Plaintiff and the Class members also seek punitive damages for Apple's willful violations of the ICFA.

145.    Accordingly, Plaintiff and Class members are entitled to relief under the ICFA, including restitution and reasonable attorneys' fees, as well as any other relief the Court may deem just or proper.

146.    Pursuant to 815 Ill. Comp. Stat. Ann. § 505/10a(d), Plaintiff will serve the Illinois Attorney General with a copy of this Complaint within 10 days of filing.

<u>**COUNT VII**</u>
**Violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA")**
**815 Ill. Comp. Stat. 510/1–510/7**
**Individually and on Behalf of the Illinois Subclass**

147.    Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

148.    Plaintiff brings this cause of action individually and on behalf of the Illinois Subclass.

149.    Apple is a "person" as defined in 815 Ill. Comp. Stat. 510/1(5).

150.    The IUDTPA states: "A person engages in a deceptive trade practice when, in the course of his or her business, violation, or occupation, the person … represents that the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have …represents that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another … advertises goods or services with the intent not to sell them as advertised … engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding. " 815 Ill. Comp. Stat. 510/2(a)(5), (7), (9), and (12).

151.    Under the IUDTPA, "A person likely to be damaged by a deceptive trade practice of another may be granted injunctive relief upon terms that the court considers reasonable. Proof of monetary damage, loss of profits or intent to deceive is not required."815 Ill. Comp. Stat. Ann. 510/3. And the injunctive relief permitted under the IUDTPA "is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this State." *Id.*

152.    Apple engaged in deceptive trade practices in violation of the IUDTPA:

e.    Representing that the iPhone 16s had characteristics, uses, or benefits that they did not have (815 Ill. Comp. Stat. Ann. § 510/2(5));

f.    Representing that the iPhone 16s were of a particular standard or quality when they were another in violation (815 Ill. Comp. Stat. Ann. § 510/2(7));

g.    Advertising iPhone 16s with the intent not to sell them as advertised (815 Ill. Comp. Stat. Ann. § 510/2(9)); and

h.    Engaged in marketing and advertising that created a likelihood of confusion or misunderstanding of the iPhone 16's AI capabilities (815 Ill. Comp. Stat. Ann. § 510/2(12)).

153.    Apple's deceptive practices occurred repeatedly in its trade or business and were capable of deceiving a substantial portion of the purchasing public.

154.    Apple's misrepresentations created a likelihood of confusion or misunderstanding. Apple's misrepresentations caused Plaintiff and the Class to falsely believe that the iPhone 16s had capabilities they did not actually have.

155.    Pursuant to 815 Ill. Comp. Stat. 510/3, Plaintiff, individually and on behalf of the Class, seeks injunctive relief, attorneys' fees, costs, as well as any other relief the Court may deem just or proper for Apple's violation of the IUDTPA.

## PRAYER FOR RELIEF

156.    WHEREFORE, Plaintiff, individually and on behalf of members of the Class, respectfully request that the Court certify the proposed Class, designate Plaintiff as Class representative, appoint the undersigned as Class Counsel, and enter an Order providing for the following:

a.    An Order permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

b.    Injunctive relief, including Orders that Apple cease and correct its false, deceptive, and unfair advertising relating to the iPhone 16's Apple Intelligence capabilities;

c.    An Order requiring Apple to correct the false information in its advertising and marketing of iPhone 16s;

d.    Compensatory damages – including for overpayment at the point of sale to Plaintiff and Class members in an amount to be proven at trial

e.    Other costs, restitution, damages, including punitive damages, penalties, and disgorgement in an amount to be determined at trial;

f.    An Order requiring Apple to pay both pre- and post- judgement interest on any amounts awarded;

g.    An award for reasonable attorneys' fees and costs as permitted by law; and

h.    An Order entering such other relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury for all claims so triable.

Dated: March 28, 2025                Respectfully submitted,

*By: /s/ James C. Shah*
James C. Shah (SBN 260435)
Kolin C. Tang (SBN 279834)
Miller Shah LLP
155 Montgomery, 6th Floor
San Francisco, CA 94104
Phone: 866-540-5505
Fax: 866-300-7367
jcshah@millershah.com
kctang@millershah.com

Timothy N. Mathews (*pro hac vice* forthcoming)
Zachary P. Beatty (*pro hac vice* forthcoming)
**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**
361 West Lancaster Avenue
Haverford, PA 19041
Phone: 610-642-8500
Fax: 610-649-3633
tnm@chimicles.com

zpb@chimicles.com

*Counsel for Plaintiff*

CLASS ACTION COMPLAINT